IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARIM MOWATT, #03219-00          *
             Plaintiff,
    v.                      *   CIVIL ACTION NO. DKC-09-3377

RUSSEL CHICK, et al.            *
ARMANDO PARKER
SCOTT HALL                  *
DERRICK HUNTER, AXION PROTECTIVE
  SERVICES                     *
THURMAN H. RHODES
PRINCE GEORGE'S COUNTY      *
             Defendants.

                         ***

## MEMORANDUM OPINION

This 42 U.S.C. § 1983 prisoner civil rights action seeks compensatory and punitive damages, attorney fees, and costs. Plaintiff states that he was arrested on November 17, 2005, in Bladensburg, Maryland after Officers Chick, Parker, and Hall from the Bladensburg Police Department and Agent Hunter from Axion Protective Services forced their way into his residence without a warrant and beat him. Paper No. 1. He contends that he was arrested for assaulting a police officer, resisting arrest and various other charges, including possession of a firearm and ecstasy, and held on $850,000.00 bond. Plaintiff asserts that it was only at this time that a statement of probable cause was sent to Magistrate Judge Rhodes and a warrant was issued. He claims that he was given additional charges of possession of firearms, body armor, and marijuana.

Plaintiff states that he was tried and convicted of drug trafficking, firearms, and body armor counts in this court and sentenced to a 197-month term.[1] He alleges that the convictions were

---

[1]    *See United States v. Mowatt*, Criminal No. DKC-06-0003 (D. Md.)

overturned and vacated and the "warrantless search conducted by the officers ruled illegal and a violation of [his] constitutional rights."[2]  Paper No. 1.   Plaintiff asserts that he was then held on a federal parole violation warrant and Officer Parker offered false and conflicting testimony at his November 17, 2008 parole hearing, which caused the U.S. Parole Commission to go outside recommended guidelines.   He claims that he was deprived of his constitutional rights under the Fourth, Fifth,  Fourteenth, and Eighth Amendments to: be free from unreasonable search and seizures without a warrant; due process of law, including the right to be free from unjustified and excessive force applied by police; and be free from cruel and unusual punishment. *Id*., at pg. 7.  In a Supplemental Complaint Plaintiff seeks to add counts of malicious prosecution, false arrest, false imprisonment, and wrongful use of judicial process against Defendants Chick, Parker, Hall, and Hunter.   Paper No. 8.

Defendant Prince George's County, Maryland ("County") has filed two separate Motions to Dismiss and/or Motions for Summary Judgment.  Paper Nos. 4 & 10.   Opposition responses and a Reply were subsequently filed.  Paper Nos. 6, 7, 9 & 12.

Before substantive review of the responsive pleadings, the court shall address certain administrative matters.   The Prince George's County Office of Law has only recently informed this court that it will not accept service on Defendants Chick, Parker, Hall and Hunter because they are not County employees but are instead employed by the town of Bladensburg, Maryland and Axion

---

[2]      On January 25, 2008, the United States Court of Appeals for the Fourth Circuit reversed and remanded the convictions finding no exigent circumstances existed at the time the officers knocked and demanded visual access into Petitioner's apartment; weapons and pills seized in warranted search that followed illegal warrantless entry were not admissible; and a good faith exception to the exclusionary rule did not apply. *See United States v. Mowatt*, 513 F.3d 395 (4th Cir. 2008).  An attachment to the Complaint shows that the indictment was dismissed on February 25, 2008.  Paper No. 1 at Attachment.

Protective Services/Security Services. Paper No. 10. Consequently, Plaintiff shall be required to assist this court and the United States Marshal Service in effecting process on the Defendants pursuant to Fed. R. Civ. P. 4(a). The Clerk will be directed to mail copies of the 285 United States Marshal ("USM") service form to Plaintiff, who must complete and return them to the Clerk, 101 West Lombard Street, Baltimore, Maryland 21201, within twenty-one (21) days from the date of this Order. Failure to comply with this Order may result in dismissal without prejudice of Plaintiff's Complaint against Chick, Parker, Hall, and Hunter. Once the forms are received, this court may direct the Clerk to issue summons and the U.S. Marshal to effectuate service of process on the addresses provided by Plaintiff.

Finally, Defendant County seeks dismissal of the Complaint. It raises alternative grounds of dismissal, arguing that the Complaint is time-barred and/or the County is not a proper party Defendant subject to liability in this case. Paper Nos. 4 & 10.

It is not disputed that the thrust of this Complaint goes to claims of false arrest/false imprisonment, malicious prosecution, and excessive force against three Bladensburg, Maryland police officers and a private security guard. In his Opposition Plaintiff asserts that he reasonably thought the Defendant officers were employed by the County when he filed the Complaint. He now acknowledges that they are not and asks that that the Town of Bladensburg be substituted as a Defendant. Paper No. 12.

In light of these arguments and statements, Defendant County's Motion to Dismiss or for Summary Judgment (Paper No. 10), construed as a Motion for Summary Judgment, shall be granted.[3] The Clerk shall amend the docket to add the Town of Bladensburg as a Defendant.[4]

A separate Order entering the rulings set out herein shall follow.

Date:   July 7, 2010                              _____/s/_____
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge

---

[3]     In reliance on this court's unpublished opinion in *Barnhill v. Strong*, 2008 WL 544835 (D. Md. 2008), the County also argues in its first responsive pleading that Plaintiff's cause of action is time-barred because it accrued in November of 2005, when he was held pursuant to legal process and when process was initiated, not in February 2008, when his criminal charges were dropped. As that dispositive motion shall be denied as moot, the court offers no opinion on this particular argument. It does observe, however, that the Supreme Court, this circuit and this court have made distinctions between claims of illegal search and seizure, false arrest/imprisonment, excessive force during arrest, and malicious prosecution when analyzing statute of limitation arguments. *See Wallace v. Kato*, 549 U.S. 384, 389-397 (2007); *Lambert v. Williams,* 223 F.3d 257, 260-62 (4th Cir. 2000); *Brooks v. City of Winston-Salem*, 85 F. 3d 178, 181 (4th Cir. 1996); *Gray v. Maryland*, 228 F.Supp.2d 628 (D. Md. 2002).

[4]     An additional United States Marshal form shall be sent to Plaintiff so that service of process may be effected on the Town of Bladensburg.