IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARIM MOWATT, #03219-00 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-09-3377 |
| RUSSEL CHICK, et al. | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendants Town of Bladensburg and Officer Parker. ECF No. 22. Plaintiff has filed an Opposition thereto, Parker and the Town of Bladensburg have filed a Reply, and Plaintiff has filed a Surreply. ECF Nos. 25, 27, & 28. No hearing is needed to resolve the case. *See* Local Rule 105.6 (D. Md. 2010).

### Non-Dispositive Matters

On July 7, 2010, the court granted the motion of Defendant Prince George's County, Maryland for summary judgment and added the Town of Bladensburg, Maryland ("Bladensburg") as a Defendant. ECF Nos. 13 & 14. Summonses were completed and issued as to Defendants Chick, Hall, Hunter, Parker and Town of Bladensburg. ECF No. 15. United States Marshal service of process forms were returned unexecuted as to Defendants Hunter, Hall, and Chick. ECF Nos. 16, 20 & 21. Per court order, Plaintiff has indicated that he has complied with court rules and provided the last known address for these Defendants, two of whom were government employees.[1] ECF No. 26. He asks that the court order the U.S. Marshal to conduct an investigation into the location of the officers and/or hire an independent agency to serve the

---

[1] In their dispositive motion, Parker and Town of Bladensburg indicate that Chick and Hall are no longer employed by the Town of Bladensburg. ECF No. 22, Memorandum at pg. 2.

summonses, if the three Defendants cannot otherwise be located. *Id.* Plaintiff's request will be denied for reasons stated herein because the claims against those three Defendants would fail.

## Background

This 42 U.S.C. § 1983 prisoner civil rights action seeks compensatory and punitive damages, attorney fees, and costs. Plaintiff states that he was arrested on November 17, 2005, in Bladensburg, Maryland after Officers Chick, Parker, and Hall from the Bladensburg Police Department and Agent Hunter from Axion Protective Services forced their way into his residence without a warrant and beat him. ECF No. 1. He contends he was arrested for assaulting a police officer, resisting arrest and various other charges, including possession of a firearm and the drug "ecstasy," and held on $850,000.00 bond. Plaintiff asserts that only after his arrest was a statement of probable cause sent to Judge Thurman Rhodes[2] and a warrant was issued. He claims that he was additionally charged with possession of firearms, body armor, and marijuana.

Plaintiff further states that he was tried and convicted of the drug trafficking, firearms, and body armor counts in this court and sentenced to a 197-month term.[3] He alleges that the convictions were overturned and vacated and the "warrantless search conducted by the officers ruled illegal and a violation of [his] constitutional rights."[4] ECF No. 1.

---

[2] Although originally listed as a Defendant, Judge Rhodes was summarily dismissed from the Complaint. ECF No. 3.

[3] *See United States v. Mowatt*, Criminal No. DKC-06-0003 (D. Md.)

[4] On January 25, 2008, the United States Court of Appeals for the Fourth Circuit reversed and remanded the convictions, finding no exigent circumstances at the time the officers knocked and demanded visual access into Petitioner's apartment. The appellate court held that weapons and pills seized in warranted search that followed illegal warrantless entry were not admissible, and a good faith exception to the exclusionary rule did not apply. *See United States v. Mowatt*, 513 F.3d 395 (4th Cir. 2008). An attachment to the Complaint shows that the indictment was dismissed on February 25, 2008. ECF No. 1 at Attachment.

2

Plaintiff asserts that despite the fact that his conviction was reversed, he was then held on a federal parole violation warrant. Officer Parker offered false and conflicting testimony at his November 17, 2008 parole hearing, which led the U.S. Parole Commission to go outside recommended guidelines. He claims that he was deprived of his constitutional rights under the Fourth, Fifth, Fourteenth, and Eighth Amendments to: be free from unreasonable search and seizures without a warrant, due process of law, including the right to be free from unjustified and excessive force applied by police, and be free from cruel and unusual punishment. *Id.* at p. 7. In a Supplemental Complaint Plaintiff added counts of malicious prosecution, false arrest, false imprisonment, and wrongful use of judicial process against Defendants Chick, Parker, Hall, and Hunter. ECF No. 8.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*,

3

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Complaint raises claims of false arrest/false imprisonment, malicious prosecution, and excessive force against the three Bladensburg police officers and a private security guard. In addition, the town of Bladensburg is named as a Defendant.

Parker, the only police officer served, and the town of Bladensburg assert that the following facts are not in dispute. On November 15, 2005, police officers were dispatched to Park Place Towers in Bladensburg to investigate a complaint of loud music and marijuana odor coming from "apartment 1005". When officers arrived on the scene Officer Chick could smell the odor of marijuana emanating from the apartment. Officers knocked on the apartment door and Plaintiff opened it. After the apartment door was opened, officers entered the apartment and placed Plaintiff under arrest. Officers later obtained a search warrant for the apartment and returned to conduct a search.

Plaintiff was criminally charged under Maryland law with possession of a controlled dangerous substance with intent to distribute, possession of a firearm while involved in drug trafficking, assault in the second degree, and resisting arrest. On December 15, 2005, Plaintiff

was criminally charged under federal law with possession with intent to distribute methylenedioxy-metamphetamine, possession of a firearm by a convicted felon, use of a firearm in connection with drug trafficking, and possession of body armor by a violent felon. ECF No. 22 at Ex. B. On December 16, 2005, the pending case in the District Court of Maryland for Prince George's County was nolle prossed. *Id* at Ex. A.

A jury convicted Plaintiff of intent to distribute methylenedioxy-metamphetamine, possession of a firearm by a convicted felon, use of a firearm in connection with drug trafficking, and possession of body armor by a violent felon. *Id.*, Ex. C. Plaintiff appealed, arguing that the controlled substances, weapons, and body armor should have been suppressed because officers had neither a warrant nor exigent circumstances to enter his apartment. The United States Court of Appeals for the Fourth Circuit agreed and reversed the conviction on January 25, 2008. On February 25, 2008, the United States Attorney's Office elected not to pursue the prosecution of Plaintiff any further.

Defendants Parker and Bladensburg argue that the statute of limitations has run on Plaintiff's unlawful search and seizure and excessive force claims. ECF No. 22. When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *See id.* at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the States judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of

5

action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Federal law, however, governs the question of when a cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under the general rubric, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* A claim of unlawful search and a claim of excessive use of force during an arrest accrue on the date of the alleged incident. *See Gray v. State of Maryland*, 228 F. Supp. 2d 628, 635 (D.Md. 2002). A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace*, 549 U.S. at 387. Plaintiff was arrested on November 17, 2005, and was arraigned in this Court on felony charges on February 17, 2006. The Complaint was not filed until December 14, 2009, more than three years after the date the causes of action accrued.

Plaintiff asserts that the limitations period should not begin to run until the criminal charges were dismissed because his claim would be barred by *Heck v. Humphrey*,[5] if filed before the charges were dismissed. ECF No. 25. The Supreme Court's decision in *Wallace*, however, governs this case. The Court made clear in that case that "[t]here can be no dispute that [plaintiff] could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Wallace*, 549 U.S. at 388. If there is a pending criminal case as a result of the alleged false arrest, the civil suit for damages may be stayed so that the potential criminal conviction will not be impugned by a civil verdict in Plaintiff's favor. *Id.* at p. 394. If there is a resulting criminal conviction that would be impugned by the stayed civil suit, *Heck* would

---

[5] 512 U.S. 477 (1994).

6

require dismissal of the civil suit at that time. *Id.* Under this analysis, Plaintiff's false arrest and excessive force during arrest claims are time-barred.[6]

The elements of a claim for malicious prosecution under Maryland law[7] are "(1) a prosecution initiated against the plaintiff without probable cause, (2) with malice, or with a motive other than to bring the offender to justice; and (3) termination of the prosecution in favor of the plaintiff." *Green v. Brooks*, 125 Md.App. 349, 366-368, 725 A.2d 596, 605 - 606 (Md.App. 1999). "The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." *Zablonsky v. Perkins*, 230 Md. 365, 368-69, 187 A. 2d 314, 369 (Md. 1963); *see also Quecedo v. DeVries*, 22 Md. App. 58, 70, 321 A. 2d 785, 791 (Md. App. 1974) (conviction on criminal charge is conclusive determination of the existence of probable cause); *but see Wilkes v. Young*, 28 F. 3d 1362, 1365 (4th Cir. 1994) (finding no Fourth Amendment violation where false statement was unnecessary to the magistrate's finding of probable cause). Plaintiff was convicted by a jury; thus, he cannot establish a crucial element in his claim for malicious prosecution. The claim fails as a matter of law.

Plaintiff's claim against Parker with respect to the alleged perjury during his federal parole violation hearing on November 17, 2008, also fails. Because he challenges the constitutionality of his current confinement, he cannot bring an action for damages until and

---

[6] To the extent the Complaint raises a claim of false imprisonment, that claim is also barred. "The test of legal justification, in the context of false arrest and false imprisonment, is judged by the principles applicable to the law of arrest." *Heron v. Strader*, 361 Md. 258, 264-265, 761 A.2d 56, 59 (Md.2000). The date of accrual for false imprisonment is the date of arrest. *Id.*

[7] *See Goodwin v. Metts*, 885 F. 2d 157, 160, fn. 1 (4th Cir. 1989) (application of South Carolina law to malicious prosecution claim raised under 42 U.S.C. §1983); *Asuncion v. City of Gaithersburg*, 73 F. 3d 356, 1996 WL 1842 *2 (4th Cir. 1996) (unpublished) (application of Maryland law).

7

unless the parole revocation proceedings are set aside:

> In evaluating the Plaintiff's claims, the Court initially notes that the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court held in *Heck* that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. 512 U.S. at 486. The *Heck* case has been extended to civil rights lawsuits complaining about parole revocations. *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir.1995); *Hulsey v. Owens*, 63 F.3d 354 (5th Cir.1995); *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158 (5th Cir.1995). As noted in *Littles*, the Plaintiff's complaint about the validity of his confinement resulting from his parole revocation may not be brought in a civil rights lawsuit because he has not shown that the Board's decision has been reversed, expunged, set aside or called into question. 68 F.3d at 122.

*Pinson v. Turner*, 2007 WL 1848044, 1 (E.D.Tex. 2007). *See also, Gibbs v. So. Car. Dept. of Probation, Parole, and Pardon Services*, 168 F.3d 481 (4th Cir. 1999). A civil tort action is not the appropriate vehicle to challenge the validity of a parole revocation proceeding. *See Heck*, 512 U.S. at 486.

Title 42 U.S.C. § 1983 authorizes a suit for damages against any individual "who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Plaintiff's claim against the Town of Bladensburg is based on its role as the employer of the police personnel, its failure to take corrective action against police officers with vicious propensities, and a failure to train or supervise. ECF No. 1 at p. 7. To establish municipal liability Plaintiff must first prove the existence of a constitutional violation on the part of the police officers. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of

police commission); *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (§1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995); *Marryshow v. Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). Second, Plaintiff must show that any constitutional violations were proximately caused by a policy, custom, or practice of the town of Bladensburg. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-694 (1978). Municipal policy arises from written ordinances, regulations, and statements of policy, *id.* at 690; decisions by municipal policymakers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The claims against the police officers which are time-barred, are also time-barred with respect to the Town of Bladensburg. With respect to the malicious prosecution claim, Plaintiff cannot establish the first element of a municipal liability claim, that a constitutional violation occurred. Furthermore, he has no current claim against an officer relating to the parole revocation proceeding. Thus the claims pertaining to the municipal Defendant must be dismissed.

The claims raised against Defendants Hunter, Hall, and Chick, are similarly time-barred and legally unsupportable and shall be dismissed. A separate Order entering the rulings set out herein follows.

Date:___July 8, 2011___            _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge